Good morning, Your Honor. Atmore Bagot for the appellant, Mr. Galeana-Flores. Your Honor, the provisions of the Constitution in the Sixth Amendment is the trial shall be held in a district wherein the crime shall have been committed. Article II, Section 2 says the same thing, where the said crime shall have been committed. In addition, we have two statutes that govern the place of trial. 3237A, any district in which such offense was begun, continued, or completed. And we have a second statute, 1329 of Title VIII, any place in which the violation may occur. The Supreme Court got into the Act also, in Rule 18, that prosecution shall be had in a district in which the offense was committed. The question before the Court in this case is whether the offense was complete in the District of California, in the Southern District, or whether the apprehension, arrest, and detection in Arizona authorized the government to bring the trial and confer jurisdiction on the District of Arizona. Why doesn't Hernandez govern here? Because when he crossed the border, even though there were footprints, he wasn't found yet. Well, he was found by circumstantial evidence. It was clear that these were immigration agents that detected his illegal presence in the United States based upon the state. He identified and apprehended to be found, I think, under Hernandez. And I can't see how footprints in the desert meet that standard. Because the agent knew immediately that this guy, whoever he was, was here illegally. And by circumstantial evidence, it seems obvious that it was Mr. Galeana Flores. He was one of this group of illegals who had crossed in the early morning hours. So that he was here illegally. His presence was the illegal presence was detected by immigration in the Southern District. So who those footprints belonged to? Yes, they followed them. They tracked them. Did they know? Did they know when they were in California, they had these footprints, and they said, ah, these belong to Mr. Galeana Flores? Well, they couldn't identify his sneakers, no. No, because they couldn't. He had not yet been identified. He hadn't been identified. But that isn't what the statute says. It says where he's found, not when he's identified, not when the government makes the decision to prosecute him, not when his A number is submitted to the computer, and not when his fingerprints are taken. It is where he's found. Here he was found. The problem is that he wasn't found there. Well, by circumstantial evidence, he was. Well, maybe somebody anonymous was found. But the question is, was this defendant found? That is, when you see footprints in the sand, you, even with sneaker identification, you know, it takes some leap of faith, doesn't it, to say, well, that's the person? Well, but remember the testimony of the agents. They followed this. They were able to identify this group of sneaker marks. And when they got to him, at that point, they knew that it was Galeana Flores, right? Right. And that's who they had been chasing. They identified him and apprehended him in Arizona. But Hernandez says that the apprehension or arrest is not necessarily where he's found. My submission is that it is where his illegal presence is originally detected. That first district, that's who has jurisdiction. If he had been, let's say he'd been identified in six districts and they just declined to prosecute him, jurisdiction would still be in district number one. You can't be found more than once. That's what Hernandez said. You can't be re-found. So the real question is whether he was identified under Hernandez and the statute while he was in California. Well, he was identified in the sense that it was his sneaker marks. They did find that. But they didn't get his ID and his name and A number until he got to Arizona. That's true. So we would have to find that identification means what? Identification means where he was first located and his illegal presence was known to immigration authorities. And that's what you have here by circumstantial evidence. What did they first see and where did they first see it? What did they first see? They saw these sneaker marks in the early morning hours. The tracks were fresh. They were coming across this isolated area of the border. There was no point of entry in sight anywhere. The circumstances were such that the agents knew immediately that these were illegals crossing in a group. Now, how could they know that he had not turned around and gone back? Because they followed the tracks. And at the time they saw the tracks, how could they have known that he had not turned around and gone back? Because the agents testified the tracks were headed toward Yuma, which is in a northerly direction from the border. That's true. But the point is, until they actually find the guy, they don't know that he's actually found in, because the crime is extinguished if you go out. Yes. The fact that he was in doesn't make it a crime until they find and identify him. If he goes out or they never find him, it's not a crime. If he goes out, the crime is extinguished. Yes, he made it. Yes, but the tracks didn't reserve the venue objection in the trial. Well, that was the whole problem here. The judge did not inquire into his own jurisdiction, and the government didn't raise it, and the defense didn't raise it. So how do you preserve that for appeal if it's never raised? I don't see where a general Rule 29 motion without specifying venue preserves the issue for appeal. Because jurisdiction can be raised at any point. If the District of Arizona didn't have jurisdiction, it can be raised at any point in the proceeding. And jurisdiction is the same as venue? In this case, it is, because what the Constitution says, the trial shall be had in the district where the crime is committed. These are jurisdictional provisions. And if a district judge doesn't have jurisdiction, he doesn't have jurisdiction, even if nobody raises it. I can raise it here. I could raise it in the Supreme Court, I guess, if I wanted to. Well, in the Gilbert case, which is an ancient case by our standards, although I was a practicing lawyer at that time, the court held the defendant failed to preserve the issue of venue when he made a motion in the trial court for an acquittal, but the ground was specifically limited to the district. That's where two jurisdictions, two districts have jurisdiction over the same offense, such as a conspiracy that goes on in multi-jurisdictions. That's a change-of-venue type case. That's a true change-of-venue type case. What we're talking about here is jurisdiction. Who's got jurisdiction? I'd like to move on to argument number three and save a minute or two at the end. Almendarez-Torres, Apprendi, and Blakely are all guilty plea cases. The government contends that the issue of whether the deportation was subsequent to the conviction for an aggravated felony is part of the judgment and conviction. I say it's not. In Almendarez-Torres, the court should be aware that the defendant admitted that his deportation was subsequent to the conviction for an aggravated felony. The Supreme Court never discussed the question of whether these time sequence, what comes first and what comes second, whether that's part of a judgment and conviction, what they mean by conviction. Did that require anything more than looking at the calendar? Excuse me, sir? Did that require anything more than looking at the calendar? That is, the two dates were established, were they not? You know, if there were summary judgments in criminal cases, I suppose that would be a valid inquiry. I don't know about that. What about judicial notice? How can you take judicial notice of an element? Relax. It's hard for the question to get completely out if you jump on the question all the time. I get over it. Then we don't understand the answer because we don't hear the question. Not a problem. But, you know, when we have a 2000 date and one that is in a different year, and you're saying that that's something that has to be submitted to a jury under Blakely and now under Booker and Fanfan and whatever that comes out to be? And under Apprendi. Yes, that's a fact. Okay. So what comes first? What comes second? That's a fact. And there's nothing in the state court record or in the state court judgment that would show when the deportation occurred vis-à-vis the conviction. That's a matter of fact. And I'll point out in many criminal cases the evidence is very clear. It's not a question of ease of resolution. The best I can come up with is some cases from the state courts as to whether a fellow is on release. And the state court says just because that's a question that's easily answered does not deprive the defendant of his constitutional right to a jury determination. Except that, for better or worse, the Supreme Court has not once but twice said that Almendarez-Torres is an exception, first to Apprendi and then to Blakely, right? Right. I don't dispute that a bit. That's true. But Almendarez did not address the question of whether the sequence, the time sequence, what comes first, what comes second, whether that's part of the conviction or not. And I sent you a 28-J letter in which the Supreme Court in the Dretke case, Dretke v. Haley, I think, pointed out that this is a very valid constitutional argument. And just their comments seem to suggest that they did not resolve it in Almendarez. And I'd like to save a minute. Thank you, counsel. Good morning. Michael Morrissey for the government. I'd like to address first the fact that defendant did in fact waive the venue argument. He made a specific grounds for his motion for acquittal, which was he complained that the fingerprint evidence had been sufficiently impeached and the case was largely circumstantial. That's at SCR 13 and 14. In light of that, the fact that he did not raise venue at that time, which was the proper time to raise it, since any defect in venue was not apparent on the face of the indictment, means that he has in fact waived his venue. According to what rule or case? United States v. Gilbert, which you referred to just a few moments ago. It is an older case, nonetheless. Does it apply also to the constitutional provision with respect to venue? I think it's different. It is a different. Normally, you know, we object to venue for a variety of other reasons. But there's a constitutional provision. Well, I don't equate the venue with the jurisdictional argument that counsel seems to be making. So I do believe venue is a challenge that can be waived and was waived on these facts. So you don't equate and you don't believe what's the authority? Gilbert, that's all. Gilbert and then Morrissey, and Morrissey is not going to help. So if it's not in United States v. Gilbert, then that remains open. But even if the argument wasn't waived, the fact is that Hernandez decides this. Hernandez states quite clearly that you have to be discovered and identified to be found in. That's at page 790 of the Hernandez case. And it's very clear that the agents were following footprints, but they could not and did not know exactly to whom those footprints were attached. And it was only when the group was, in fact, apprehended in Yuma, Arizona, that they were discovered and identified in Yuma, Arizona, and, in fact, the crime was completed. And that certainly gave the District of Arizona venue to proceed in this matter. Even if Hernandez didn't exist, there's still the Ruiz, I can't pronounce it, R.U. Guinn case, which also makes clear that in situations, in that case, you had an undetected entry in California and then a found in in Arizona, and this Court said that venue would have laid in either district. So clearly, if venue was not waived, that objection venue was, in fact, valid in the district. Was that case before Hernandez? No. Hernandez comes first and then Ruiz afterwards. Now, turning to the second argument, I also filed a notice, and I apologize for the lateness of it, a 28-J letter just this morning, because this Court's recent order in United States v. Quintana Quintana states quite clearly that the argument that a prior conviction must be proved to a jury beyond a reasonable doubt, that argument is foreclosed by the express terms of Blakeley itself. And this Court issued an order in that case denying en banc and rehearing just on September 13th. The fact remains the rule of the prior conviction being an exception may not at times be popular, but the fact is it's been there since 1998. Apprendi explicitly did not overrule that rule, and Blakeley, this Court has found, as have the Eighth, Eleventh, and Tenth Circuit, also did not disturb that rule. So there's simply no basis in the law for the argument that the government was required to submit that fact of a prior conviction. Counsel's argument, though, is to make a distinction between the fact of conviction and the date of conviction. What's your response to that? It's an innovative argument, and I understand what he's saying, but he's slicing and dicing in such a way that no court has ever accepted. The very language of the fact of a prior conviction contains the temporal component within it. No court has ever sliced out that particular argument that he's making. I also noted his supplemental authority. But what the Haley case actually did was vacate and remand for consideration of non-defaulted claims for relief and other procedural relief. It's truly not very strong authority. It's more of a passing comment. If there was a problem with the temporal relation and the fact of a prior conviction, the Court certainly would have raised it in Blakeley, because in Blakeley the Court was clearly taking another look at all of the line of cases, going back to Apprendi and Almendora's Taurus. And the Court has not disturbed the fact of this exception. Finally, with respect to the third argument, that the district court somehow erred by not allowing defendant to comment on the supplemental report, the fact is two of the three sentencings were after the preparation of the supplemental addendum, which went to an uncontested fact at sentencing. And that uncontested fact was whether or not there had been a prior California report about the prior conviction. And that was a fact of no consequence and no prejudice to the defendant. So even assuming an error by the Court, it was certainly a harmless error, because the fact was, as the district court said to the defense counsel, as it held three or four sentencing hearings, you're doing a good job in this case. You're making me consider I may in fact grant a downward departure, because the defense had made an argument that this single conviction was overrepresentative of his drug history. The fact remains, however, that at SCR 29, the defendant did not contest the 16 levels being applied. He didn't like the result of it, but legally he didn't challenge that it was applicable. And on those facts, there was certainly no harmful error by the district court's perhaps inadvertent attempt to get the defense to explicitly announce on the record that they had also reviewed the addendum. But after the addendum, two times, on September 22 and October 14, the district court said, have you reviewed the pre-sentence report? And the defense always said, yes, we have. So clearly there was no prejudice on that. If the Court has no further questions. Thank you, counsel. Your Honor, on the third argument, the trial court indicated that he would consider a downward departure based upon Mr. the defendant's rather skimpy criminal history and the fact that there wasn't much drugs involved in his drug conviction, and he asked for more information. But he didn't get the more information. All the probation officer did was contact the Department of Corrections, which responded they didn't get the pre-sentence report from California. That doesn't say it was never prepared. It didn't say it was available. The defendant came into court believing that the judge had reviewed the California pre-sentence report, and he had not. It had not been delivered to him. The rule is that the judge must inquire on the record, defendant, have you seen this? Do you understand it? Is it correct? And that was the prejudice to the defendant. The judge, Judge Carroll, comments that's the best help Galeana had, frankly, and he didn't have an opportunity to present that information to the judge. Thank you very much. Thank you, counsel. This case is ordered submitted. We move on to United States v. Alan Roy, squad as Russell.
judges: Trott, McKeown, Shadur